DAVID G. TORRES-SIEGRIST State Bar No. 220187
TORRES | SIEGRIST
225 S. Lake Avenue
Suite 300
Pasadena, CA 91101
Phone:      (626) 432-5460
Facsimile:  (626) 446-8927
dgts@icloud.com

Attorneys for Plaintiff GABRIELA LEOS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| GABRIELA LEOS, an individual<br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF EL MONTE, a municipality; JESSICA ANCONA, both in her official capacity and as an individual; Does 1-50<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>　1. **RETALIATORY FIRST AMENDMENT CLAIM (42 U.S.C. SECTION 1983)**<br>　2. **MONELL: ENTITY LIABILITY FOR 42 U.S.C. SECTION 1983 VIOLATIONS**<br>　3. **NEGLIGENCE;**<br>　4. **VIOLATION OF CAL. CIVIL CODE § 52.1**<br><br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTORY STATEMENT

1. Supreme Court Justice Anthony M. Kennedy eloquently once wrote: "First Amendment freedoms are most in danger when the government seeks to control thought or to justify its laws for that impermissible end. The right to think is the beginning of freedom, and speech must be protected from the government because speech is the beginning of thought."

2. The following lawsuit involves the disgraceful abuse of power by Mayor JESSICA ANCONA who attempted to utilize her position as an elected official in the CITY OF EL MONTE to thwart/chill the First Amendment rights of a voting constituent Plaintiff GABRIELA LEOS.

## PARTIES

3. At all times mentioned herein, GABRIELA LEOS, is and was an individual residing in the County of Los Angeles.

4. Defendant CITY OF EL MONTE, (hereinafter "CITY") is and was at all times pertinent hereto, a municipal corporation and political subdivision existing under the laws of the State of California.

5. At all times mentioned herein, Defendant JESSICA ANCONA, (herein after "ANCONA") is and was an individual residing in the County of Los Angeles and is the Mayor of El Monte. Defendant is sued in her official capacity, as well as in her individual capacity.

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1-50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend its Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants participated or acted in concert with Defendants and is/are responsible in some manner for the acts, occurrences and/or omissions alleged herein and

has thereby proximately caused damages to Plaintiff and is liable by reason of the facts alleged herein.

7. That at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner or joint venturer of the other defendants herein; that at all said times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership and joint venture.

## JURISDICTION AND VENUE

8. This civil action is brought to redress alleged deprivations of the Plaintiff's federal constitutional rights protected by 42 U.S.C. §§ 1983 and 1988, the First and Fourteenth Amendments of the United States Constitution, California common law, the California Constitution, and the Bane Act.

9. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County, California.

## TORT CLAIMS COMPLIANCE

11. Plaintiff has complied with the Government Tort Claims Act as required by law with respect to all causes of action brought herein pursuant to state law.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff GABRIELA LEOS is a community activist who has lived in the City of El Monte for decades.

13. Plaintiff has spent countless volunteer hours devoted to the STOP program within the City which promotes much needed traffic safety.

14. On October 26, 2022, plaintiff was engaged in a fundamental protected activity: passing out literature to promote a community gathering of fellow

3
COMPLAINT

citizenry of the City of El Monte.

15. While on a public sidewalk near Lambert Park, within the CITY OF EL MONTE, plaintiff was accosted by Defendant Mayor ANCONA.

16. ANCONA, aggressively pulled up to the sidewalk in her sedan alongside the plaintiff and began to yell tyrannically: "You can't be campaigning here! I wouldn't put it past you!"

17. The manner and threatening tone of the statements, coupled with ANCONA's menacing use of her vehicle was clearly intended to thwart, impede and obstruct plaintiff's First Amendment Right to Political Speech, Freedom of Speech and Freedom of Association: a fundamental right protected by the U.S. and California Constitutions and absolutely necessary to the continuation of a free democracy.

18. That same night, pursuant to her fundamental First Amendment Right to petition the government and seek redress, plaintiff sent to all CITY OF EL MONTE Councilmembers, including the Defendant ANCONA, an email.

19. In that electronic communication plaintiff recapped ANCONA's violation of her fundamental right of free speech, political speech and freedom of association.

20. In an act of retaliation for plaintiff's exercise of her protected First Amendment speech and activity, Defendant ANCONA, in her official capacity, and by and through a "community liaison" intentionally and maliciously contacted plaintiff's employer in an attempt to produce an adverse impact on plaintiff's ability to earn a living.

21. At the November 1, 2022, City Council Meeting, during public comment, plaintiff addressed the City Council regarding the October 26, 2022, violation of her First Amendment Rights and retaliation suffered at the hands of Defendant ANCONA.

22. During the three (3) minutes allotted to plaintiff, Defendant ANCONA continually interjected and spoke over plaintiff again, impeding, obstructing, and violating plaintiff's First Amendment Rights to petition.

23. Immediately following plaintiff's public comment, Defendant ANCONA, in open session admitted that her retaliatory actions were a result of plaintiff's "speaking to City representatives in that manner."

24. While plaintiff was in the process of responding, Defendant ANCONA threatened to have plaintiff removed from the public meeting.

25. Defendant ANCONA's intentional actions as a public official, under color of authority, on a public street and in an open City Council, coupled with her retaliatory attempt through CITY channels to have Plaintiff fired from her job, violated Plaintiff's fundamental rights protected by the U.S. Constitution, and the California Constitution.

26. Additionally, ANCONA despicable actions violated plaintiff's rights protected by the Bane Act (Civil Code Section 52.1) which prohibits individuals, including City Officials like ANCONA from using threats, intimidation or coercion to interfere with plaintiff's state or federal rights.

27. Furthermore, the CITY's failure to supervise and train its public officials, such as ANCONA, also serves as a basis for the imposition of liability upon the CITY OF EL MONTE for which the instant lawsuit seeks to redress.

## FIRST CLAIM

## RETALIATORY FIRST AMENDMENT CLAIM AS TO DEFENDANT ANCONA AND DOES 1-50

28. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in each paragraph above as though fully set forth herein.

29. Title 42 U.S.C. § 1983 states in pertinent part: "Every person who, under color of [law] subjects, or causes to be subjected, any person of the United States …

to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law [or equity]."

30. At all times relevant to this Complaint, plaintiff was exercising her First Amendment rights to:
    a. Political Speech,
    b. Petition
    c. Association
       and
    d. Speech

31. At all times relevant to this Complaint, Defendant ANCONA acted under color of authority and misused and abused her political office as Mayor of El Monte.

32. Defendant ANCONA chilled plaintiff's First Amendment Rights and retaliated against plaintiff for the exercise of her First Amendment Rights.

33. Defendant ANCONA utilized her office and CITY resources, including a "CITY Liaison" to attempt to cause adverse employment action against plaintiff through her employer: a Utility Company that exclusively provides services to the CITY.

34. As a result, Plaintiff's employer launched an "ethics investigation" into Defendant ANCONA's complaint which lasted nearly six (6) months causing plaintiff great emotional and mental distress as well as an adverse impact on her employment.

35. Defendant ANCONA violated 42 USC Section 1983 by depriving Plaintiff, of her rights guaranteed by the First Amendment to the United States Constitution.

36. Plaintiff is entitled to compensatory damages, punitive damages, attorney fees under 42 U.S.C. § 1988, and all applicable law, and any other such relief as the Court deems just and appropriate.

## SECOND CLAIM
## (<u>MONELL</u> CLAIM AGAINST THE CITY OF EL MONTE FOR DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983
## (ENTITY LIABILITY)

37. Plaintiff re-alleges and incorporate by reference each and every allegation as set forth in each paragraph above as though fully set forth herein.

38. The CITY has failed to train its elected officials such as Defendant ANCONA on the rights and freedoms protected by the U.S. Constitution including but not limited to the First Amendment.

39. The CITY knew because of a pattern of similar violations, and prior incidents that will be identified in the course of discovery, and it should have been obvious, and was obvious, that the lack of training of its elected officials on the U.S. Constitution was likely to result in a deprivation of civil rights based on violations of Freedom of Speech, Petition and Association guaranteed by the First Amendment of the U.S. Constitution.

40.. The failure to train as articulated above was the cause of the deprivation of Plaintiffs civil rights of and a violation of her rights to Freedom of Speech, Petition and Association guaranteed by the First Amendment of the U.S. Constitution, and due process and equal protection of the law guaranteed by the Fourteenth Amendment to the U.S. Constitution.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

<strong>BROUGHT AS TO ALL DEFENDANTS</strong>

41. Plaintiff re-alleges and incorporate by reference each and every allegation as set forth in each paragraph above as though fully set forth herein.

42. Pursuant to California Government Code § 815.2(a), Defendant CITY as a public entity, is vicariously liable for any injuries or damages as alleged herein which were proximately caused by an act or omission of any employee of Defendant CITY within the course and scope of said employee's employment with Defendant CITY.

43. At all times herein the CITY was negligent in training its political officials such as Defendant ANCONA, who during their tenure of office are employees of the CITY, on the United States Constitution and the Rights guaranteed therein.

44. Due to the CITY's negligence in training Defendant ANCONA on the U.S. Constitution and the Rights Guaranteed therein, plaintiff suffered emotional and mental injuries/harm and financial damages in a sum according to proof at trial.

<strong>FOURTH CLAIM</strong><br><strong>VIOLATION OF CAL. CIVIL CODE § 52.1</strong><br><strong>BROUGHT AS TO ALL DEFENDANTS</strong>

45. Plaintiff re-alleges and incorporate by reference each and every allegation as set forth in each paragraph above as though fully set forth herein.

46. Pursuant to California Government Code § 815.2(a), Defendant CITY as a public entity, is vicariously liable for any injuries or damages as alleged herein which were proximately caused by an act or omission of any employee of Defendant CITY within the course and scope of said employee's employment with Defendant CITY.

47. Pursuant to California Constitution Article 1, section 1, Plaintiff is "free and independent" and has "inalienable rights" including "enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Pursuant to California Constitution Article 1, section 2, Plaintiff "may freely speak, write and publish his or her sentiment on all subjects." Pursuant to Article 1, section 7, Plaintiff "may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."

48. Pursuant to California Civil Code section 43, Plaintiff has "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his (her) personal relations."

49. Defendants, including but not limited to Defendant ANCONA, acting under color of law, interfered by threats, intimidation, and coercion, and attempts to interfere by threats, intimidation, and coercion, with Plaintiff's exercise or enjoyment of her individual rights to Free Speech, Political Speech, Freedom of Association and Right to Petition.

50. Defendants specifically intended to deprive Plaintiff of her enjoyment of the interests protected by right to Speech, Petition and Association.

51. Plaintiff was harmed by Defendant ANCONA's chilling her First Amendment Rights as well as by the retaliation that ensued as a result.

52. Defendants' conduct was a substantial factor in causing the harm.

53. The conduct of defendants' in violating California Civil Code section 52.1 justifies the imposition of punitive damages against Defendant ANCONA and Does 1-50, inclusive to punish them and deter them from engaging in similar conduct in the future because their conduct was malicious, oppressive, or in reckless disregard of Plaintiff's rights.

54. The conduct was malicious because it was accompanied by ill will, spite or

for the purpose of injuring Plaintiff.

55. The conduct was oppressive because it injured and damaged Plaintiff and violated Plaintiff's rights and was a misuse or abuse of authority or power by these Defendant ANCONA.

56. The conduct of Defendant ANCONA was with a conscious disregard for Plaintiff's rights because, under the circumstances, it reflected a complete indifference to Plaintiff's constitutional rights.

57. As a result of Defendant ANCONA's unlawful actions, plaintiff suffered emotional and mental injuries/harm and financial damages in a sum according to proof at trial.

**WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

AS TO ALL CAUSES OF ACTION

1. For special damages;
2. For general damages;
3. For costs of suit herein;
4. For Statutory Damages;
5. For attorney's fees, including litigation expenses, based on all causes of action affording statutory attorney's fees: 42 U.S.C.§ 1983 per 42 U.S.C.§ 1988 and Cal. Civil Code § 52.1;
6. For punitive/exemplary damages as to the individual defendants according to proof at trial;

and

///
///
///

7. For such other and further relief as the Court deems just and proper.

**Date: March 19, 2023**

**TORRES | SIEGRIST**

By: _____
**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Additionally, Plaintiffs respectfully demands a jury trial of the present case pursuant to the U.S. Constitution, the California Constitution and applicable California State and Federal Law.

**Date: March 19, 2023**

**TORRES | SIEGRIST**

By: _____
**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**