DAVID G. TORRES-SIEGRIST State Bar No. 220187

TORRES┼SIEGRIST LAW, APC

440 East Huntington Drive
Suite 300
Arcadia, CA 91006
Phone:      (626) 277-5330
Facsimile:  (626) 446-8927
*dgts@icloud.com*

**Attorneys for Plaintiff GABRIELA LEOS**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| GABRIELA LEOS, an individual<br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF EL MONTE, a municipality;<br>JESSICA ANCONA, both in her<br>official capacity and as an individual;<br>Does 1-50<br><br>　　　Defendants. | **Case No.: 2:23-cv-02427-KK-JPR**<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO SETTLEMENT AGREEMENT, 42 USC SECTION 1988 AND CALIFORNIA CIVIL CODE SECTION 52.1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed Concurrently with Declaration of David G. Torres-Siegrist Authenticating Exhibits]*<br><br>**Date: March 20, 2025**<br>**Time: 10:00 a.m.**<br>**Dept. 4**<br><br>**HON. DAVID T. BRISTOW**<br>**U.S. District Court Magistrate Judge** |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**COMES NOW** Plaintiff GABRIELA LEOS and hereby gives notice that on March 20, 2025 at 10:00 am before the United States District Court, Central District of California, in Courtroom 4, 3470 12th Street, 3rd Floor, Riverside, CA 92501, will move this Court per 42 USC SECTION 1988 AND CALIFORNIA CIVIL CODE SECTION 52.1 for an award of attorney's fees as provided by the settlement reached in this matter on December 26, 2024 before this honorable court.

For purposes of L.R. 7-3 Compliance, plaintiff's counsel did meet and confer with defense counsel regarding the subject of this motion.

This motion is based upon this notice, the records and papers on file herein, the attached memorandum of points and authorities, the declarations and exhibits thereto, and on such other evidence as may be presented at the hearing of this motion.

Date: February 19, 2025

**TORRES ┼ SIEGRIST**

By:_____
    **DAVID G. TORRES-SIEGRIST**
    **Attorneys for Plaintiff**

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   <u>INTRODUCTION</u>

The "central meaning" of the First Amendment, Justice William Brennan eloquently declared in his opinion for a unanimous Court in New York Times Co. v. Sullivan 376 U.S. 254 (1964), is the right to criticize government and public officials. This lawsuit involves the disgraceful abuse of power by Mayor JESSICA ANCONA who attempted to utilize her position as an elected official in the CITY OF EL MONTE to thwart/chill the First Amendment rights of voting constituent Plaintiff GABRIELA LEOS from criticizing and complaining about her local government and elected officials by freely expressing her opinion, views, and thoughts about MAYOR ANCONA as an elected official running for office.

This is not a series of unrelated events but rather one interconnected act of free speech by plaintiff who dared to exercise her fundamental right to criticize and express her opinions and discontent about local politician MAYOR ANCONA on a public street, in an e-mail sent to all council members, during public comment in an open CITY Council Meeting, and in plaintiff's Government Tort Claim lodged with the CITY. In response the MAYOR retaliated by:

- Sending plaintiff's October 26, 2022, e-mail to plaintiff's employer utilizing her city email and a city liaison with plaintiff's employer;
- Contacting plaintiff's employer utilizing her office as Mayor on multiple occasions and falsely conveying information about plaintiff so that an employment investigation would be triggered;
- Triggering a formal investigation as a direct consequence of the mayor's report that placed plaintiff in the status of a "subject of an ethics/compliance investigation" for a period of nearly six (6) months causing plaintiff PTSD;
- Injecting herself into a TRO proceeding between plaintiff and her neighbor and providing false information as Mayor to the Court;

- Attempting to have red curbs painted in front of plaintiff's home;
- Banning plaintiff from volunteering in any city related program or event;
- Having plaintiff physically intimidated by an El Monte Flores gang member at a public event; and
- Attempting to keep plaintiff from attending city events and community functions.

Following nearly two (2) years of litigation, this matter was resolved for a total of $275,000.00 with a potential $100,000.00 cap in attorney's fees.

## II.    PROCEDURAL HISTORY

The instant matter was filed on March 31, 2023.  (Docket No. 1) Three (3) separate rounds of FRCP Rule 12(b)6 Motions were filed by Defendants: June 2, 2023 (Docket No. 12), September 5, 2023 (Docket No. 23), and December 18, 2023 (Docket No. 41).  During the discovery phase of the litigation written discovery was propounded and responded to by all parties.  Additionally, full day depositions of Plaintiff and Defendant Ancona were also conducted.

Plaintiff had to file a Motion to Compel the Deposition of Defendant ANCONA on April 23, 2024 (Docket No. 61) in order to have Defendant ANCONA appear for her deposition.  Moreover, on July 1, 2024, Defendants filed their respective Summary Judgment Motions. (Docket No.'s 71 & 72). Both motions were denied save for the City's challenge to the negligence cause of action.

Ultimately, this matter was completely prepared for trial with pre-trial joint documents being filed including the Proposed Pretrial Conference Order. (Docket No. 124).  A pretrial conference took place on December 19, 2024, wherein the Court ordered the parties to a Mandatory Settlement Conference on December 26, 2024. Thereafter, this Court presided over an all-day Mandatory Settlement

Conference on December 24, 2024 with the parties memorializing a settlement on the record minutes before 7:00 p.m.

## III.    STATEMENT OF LAW

**A. LEGAL STANDARD**

Fees in Section 1983 cases are governed by 42 U.S.C. § 1988, which provides: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "A party who prevails on a claim under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust." *Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014).*

To calculate a reasonable fee award, the Court must first calculate lodestar amount – the "number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate" – and then may "adjust the lodestar amount based on several factors, including the degree of success achieved by the prevailing party." Id. (quoting *Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).* To calculate the reasonable hourly rate, a court elicits from the fee applicant evidence of the prevailing rates in the forum where the court sits for work performed by lawyers of equivalent skill, experience, and reputation. Id. A party opposing the requested fee must then submit evidence challenging the fee-seeking party's submission. *Id. at 1110-11.* In determining the reasonableness of the fee seeker's time expenditures, the court should defer largely to the judgment of that party's counsel, though the court may – without explanation – impose up to a 10 percent reduction in expended time. *Id. at 1111.* With explanation, the court may

impose a further reduction of time, should prevailing counsel have performed duplicative or unnecessary work. Id. After calculating the lodestar, the court then determines whether to adjust that figure on the basis of several additional factors to the extent they have not already been considered in the lodestar calculation[1]. *Morales v. City of San Rafael, 96 F.3d 359, 363-64 & n.8 (9th Cir. 1997)* (as amended).

**1. Reasonable hourly rate**

"Under section 1988, the reasonable hourly rate is determined by 'considering the experience, skill and reputation of the attorney requesting fees.'" Trevino v. Gates, 99 F.3d 911, 924 (9th Cir. 1996) (citation omitted). The Court should look to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Id. (citation omitted).

Considering the relevant factors, the evidence submitted, as well as the Court's own knowledge and experience of the prevailing market rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation, *see Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam),* the Court should find that the requested attorney's fees are reasonable and consistent with prevailing market rates.

As the declaration of David G. Torres-Siegrist provides, he has over 20 years of experience litigating and trying 42 U.S.C. Section 1983 cases on both the plaintiff and defense sides.  His experience with Civil Rights claims has also involved argument before the ninth circuit court of appeals on various occasions relating to 1983 cases.   He has handled over 50 1983 cases as counsel of record.  He has

---

[1] These factors include: (1) The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

4

previously been awarded attorney fees in excess of $650.00 an hour in a First Amendment 42 U.S.C. Section 1983 fee motion, five (5) years prior.  Therefore, it is respectfully submitted that the Court apply a $700.00 an hour rate in the instant case. *See Declaration of David G. Torres-Siegrist.*

### 2. Hours reasonably expended

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986)*, amended by *808 F.2d 1373 (9th Cir. 1987); see also Hensley, 461 U.S. at* 437. The Court may, in its discretion, reduce hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers, 796 F.2d at 1210.* "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing Hensley, 461 U.S. at 434).*

"Despite the 'concise but clear' requirement, in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request." *Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1993)* (as amended). "[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fact from a fee application.'" Id. at 1399 (citations omitted). Here,  plaintiff's counsel has provided contemporaneous records indicating over 300 hours expended on litigating this case.

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**3. The reasonableness of the award in light of results obtained.**

"[T]he extent of plaintiff's success is a crucial factor in determining the proper award of attorney's fees under 42 U.S.C. § 1988." *Hensley, 461 U.S. at 440.* Thus, a plaintiff is not entitled to attorneys' fees for time spent on unsuccessful claims that are unrelated to his successful Section 1983 claims. *McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009) (as amended).* However, where the plaintiff presents different claims for relief that "involve a common core of facts" or are based on "related legal theories," the court should not attempt to divide the request for attorneys' fees on a claim-by-claim basis and instead, "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* (citation omitted).

Under Hensley, the reasonableness of a fee award must be determined by answering two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?

Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *461 U.S. at 434.*

In this case, plaintiff overcame both Summary Judgment Motions of Defendants and this matter resolved on the eve of trial for a total sum of $275,000.00 and an apology by Defendant ANCONA.

ii. Level of Success

At step two of the Hensley inquiry, the Court must consider whether plaintiff achieved "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *461 U.S. at 434.* Attorneys' fees awarded under Section 1988 "must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown, 565 F.3d at 1103; see also Hensley, 461 U.S. at 440* ("A reduced fee award is appropriate if the relief, however significant, is limited in

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

comparison to the scope of the litigation as a whole."). In determining the level of success and the reasonableness of the hours spent achieving that success, courts should give "primary consideration to the amount of damages awarded as compared to the amount sought." *McCown, 565 F.3d at 1104 (quoting Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992))*. Although the Supreme Court has disavowed a test of strict proportionality, it has suggested that a comparison of damages awarded to damages sought is required. Id. The Supreme Court has explained that a rule of proportionality is inappropriate "because it fails to recognize the nature of many, if not most, civil rights cases, in which damages may be limited by law, regardless of the importance of the civil rights at issue." Id. (citing *City of Riverside v. Rivera, 477 U.S. 561, 576-78, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986))*. "Indeed, it was because counsel in civil rights cases 'might not have found it economically feasible' to provide services to low-income clients without a fee-shifting provision that Congress enacted § 1988." Id. For this reason, courts must consider the excellence of the overall result, not just the amount of damages awarded. Id. Ultimately, the Court "has discretion in determining the amount of a fee award . . . [because] of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *LeMaire v. Maass, 12 F.3d 1444, 1461 (9th Cir. 1993) (as amended) (quoting Hensley, 461 U.S. at 437)*.

Courts should consider both the monetary results and any significant nonmonetary results plaintiff achieved for himself and other members of society in assessing the reasonableness of the overall fee. McCown, 565 F.3d at 1105. Where a lawsuit has effected a change in policy or served as a deterrent to widespread civil rights violations, it may justify a full compensatory fee award despite a plaintiff's otherwise limited success. *Id.*

Here not only did plaintiff achieve a $275,000.00 settlement but also obtained

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

an apology from Mayor ANCONA as part of the resolution of this matter.

## IV.   CONCLUSION

Respectfully, based on the foregoing, plaintiff's motion for attorney's fees should be granted in the maximum amount of $100,000.00.

**Date: February 19, 2025**

**TORRES⏐SIEGRIST**

By:_____

**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**

8

## **CERTIFICATE OF COMPLIANCE L.R. 11-6.1.**

The undersigned, counsel of record for Plaintiff GABRIELA LEOS certifies that this brief contains 2,201 words, less than 7,000 words, which:

_x_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated.

**Date: February 14, 2025**

**TORRES † SIEGRIST**

By:_____
**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**

1

CERTIFICATE OF COMPLIANCE L.R. 11-6.1.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

TORRES | SIEGRIST

Date: February 19, 2025                    By:_____

DAVID G. TORRES-SIEGRIST
Attorneys for Plaintiff

1

CERTIFICATE OF SERVICE