UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GABRIELA LEOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF EL MONTE, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-02427-DTB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

## I.

## INTRODUCTION

Pursuant to the settlement agreement ("Agreement" or "Settlement Agreement") entered into by the parties at the settlement conference held with the Court on December 26, 2024 ("Settlement Conference"), Plaintiff's counsel filed a Motion for Attorneys' Fees ("Motion") on February 19, 2025. (Docket No. 153). In support of the Motion, Plaintiff filed the Declaration of David G. Torres-Siegrist ("Torres-Siegrist Decl."). (Docket No. 153-1). On March 28, 2025, Defendants filed a Joint Opposition to Plaintiff's Motion for Attorney's Fees ("Opp.") (Docket No. 167), along with the supporting Declaration of Antoinette P. Hewitt in support thereof (Docket No. 167-1). On April 3, 2025, Plaintiff filed her Reply ("Reply") (Docket

/ / /

1

No. 170), along with the supporting Declaration of David G. Torres-Siegrist. (Docket No. 170-1).

Thus, this matter stands submitted for adjudication. As set forth herein, the Court finds Plaintiff's counsel is entitled to an award of attorney's fees in the amount of One Hundred Thousand Dollars ($100,000.00).

**II.**

**BACKGROUND**

The operative complaint in this matter, Plaintiff's Third Amended Complaint ("TAC"), was filed February 23, 2024. (Docket No. 48). In the TAC, Plaintiff alleged three claims: A Retaliatory First Amendment Claim as to defendant Jessica Ancona ("Ancona") and DOES 1-50; Negligence as to defendant City of El Monte ("City") only; and Violation of Cal. Civ. Code § 52.1 brought as to defendant Ancona and as to defendant City per Government Code § 815.3. The gist of the allegations in the TAC was that defendant Ancona violated Plaintiff's rights under the First Amendment by retaliating against her due to her political speech and actions, and that such retaliation included, *inter alia*, contacting Plaintiff's employer in an adverse fashion without her knowledge or permission.

On December 10, 2024, the district judge granted all nine of defendants' pending Motions in Limine on the basis that Plaintiff had failed to file any opposition thereto. (See Docket Nos. 113-121). As previously noted by the Court, the adjudication of the Motions in Limine significantly impacted Plaintiff's case by limiting the evidence which could be admitted at trial. By way of example, the granting of defendant City's Motion in Limine No. 3 precluded Plaintiff, her attorneys, or any witnesses from testifying or referring to evidence related to economic or non-economic damages. (Docket No. 120). Thereafter, at the final pretrial conference on December 18, 2024, at the request of the parties, the district judge ordered a further settlement conference. (See Docket No. 141 at 2).

/ / /

The Settlement Conference was held with the undersigned on December 26, 2024, and the parties ultimately were able to reach agreement on the terms of settlement.  The Court placed the Settlement Agreement on the record, and the parties thereafter executed a written Settlement Agreement that encompassed the settlement terms.

As a term of the Settlement Agreement, the parties agreed, *inter alia*, that Plaintiff's counsel could file a motion requesting an award of attorney's fees, but that any award would be capped at $100,000.00, and that there would be no right to appeal.  (Settlement Agreement Term No. 2; Motion at 2; Opp. at 5).  The parties also agreed as a term of settlement that no party would be deemed to have prevailed in the litigation.  (Settlement Agreement Term No. 7).

In the Motion, Plaintiff seeks the maximum award of $100,000.00.  Plaintiff's counsel asserts that he expended more than 300 hours litigating this matter, and requests an hourly rate of $700.00, based on his experience in Section 1983 cases over his 20 years of practice.  (Id. at 4-5).  Defendants, on the other hand, contend that the number of hours claimed to have been expended on this matter by Plaintiff's counsel is excessive (Opp. at 2-5), that Plaintiff's counsel's representation was unexemplary (id. at 4-5), and that counsel should receive an award of no more than $50,000.00 (id. at 6).

As set forth herein, the Court finds that the consideration received by Plaintiff under the terms of the Settlement was substantial, and that she therefore prevailed in the action for purposes of an award of fees under to Section 1988.  Having conducted a loadstar calculation based on the fee application, and having considered the appropriate adjustments thereto, the Court finds that Plaintiff's counsel is entitled to the maximum award agreed to under the Settlement Agreement of One Hundred Thousand Dollars ($100,000.00).

/ / /

/ / /

### III.

### LEGAL AUTHORITY

Pursuant to 42 U.S.C. § 1988, a court may award attorney's fees to the prevailing party in an action brought under 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978). In enacting Section 1988, Congress intended "to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." City of Riverside v. Rivera, 477 U.S. 561, 578 (16986) (quoting Kerr v. Quinn, 692 F.2d 875, 877 (2nd. Cir. 1982). An award of reasonable attorney's fees under Section 1988 must be "sufficient to induce a capable attorney to undertake the presentation of a meritorious civil rights claim." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010). Indeed, " Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit 'does so not for [herself] alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest importance.'" City of Riverside, 477 U.S. 575.

For purposes of calculating "reasonable attorney's fees" under Section 1988, the Supreme Court has found that "the most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." (Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Blum v. Stenson, 456 U.S. 886, 888, 104 S. Ct. 1541, 79 L.Ed.2d. 891 (1984). This figure, commonly referred to as the "lodestar," is presumed to be the reasonable fee. (Hensley, 461 U.S. at 433; see also Blum, 465 U.S. at 897) ("When . . . the applicant for a fee has carried his burden of showing that the claimed rate

and number of hours are reasonable, the resulting product is presumed to be the reasonable fee . . .”); see also Vargas v. Howell, 949 F.3d 1188, 1194 (9th Cir. 2020).)  Thus, the starting point of the fee award analysis is the determination of the lodestar.

Once the court has determined the lodestar figure – the reasonable hourly rate multiplied by the reasonable number of hours expended– it determines whether any adjustment is warranted based on a number of factors, including the degree of success achieved by the prevailing party, for purposes of arriving at the final award amount.  (Hensley, 461 U.S. at 434.)

“The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.”  (Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992), citing Hensley, 461 U.S. at 437).  When an opposing party objects to a fee application, evidence is required to be submitted “challenging the accuracy and reasonableness of hours charged or the facts asserted by the prevailing party in its submitted affidavits.”  (Gates, 987 F.2d at 1397-98, citing Blum, 465 U.S. at 892, n.5, and Toussaint v. McCarthy, 826 F.2d 901, 904 (9th Cir. 1987).)

Finally, the Supreme Court has cautioned that “[a] request for attorney’s fees should not result in a second major litigation” (Hensley, 461 U.S. at 437; Ibrahim v. United States Dep’t Homeland Sec., 912 F.3d 1147, 185 (9th Cir. 2019).)  The court has the discretion to determine the amount of the award and, to this end, must explain the basis for the award.  “The explanation need not be elaborate, but it must be comprehensible . . . ‘concise but clear’” (Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008), citing Hensley, 461 U.S. at 437).

/ / /

/ / /

/ / /

5

# IV

# DISCUSSION

## A.  Prevailing Party

For purposes of a fee award under Section 1988, a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fees as part of the costs."   Thus, the Court must first determine whether Plaintiff is "the prevailing party" for purposes of considering counsel's fee request.  In their Joint Opposition, defendants do not seriously challenge Plaintiff's contention that she is the prevailing party.  While defendants argue that, as of the submission of their brief, Plaintiff had not actually achieved a settlement, since the parties had not agreed to terms in a long form written settlement agreement (Opp. at 2), that dispute has now been resolved and the parties have informed the Court that they have executed a written settlement agreement encompassing the terms agreed to at the December 26, 2024 Settlement Conference.

A plaintiff prevails in a section 1983 civil rights action if the litigation results in "the material alteration of the legal relationship with the parties" (Texas State Teachers Association, et al v. Garland Independent School District, 489 U.S. 782, 792-93 (1989).  The Supreme Court has stated that the determination of a prevailing party in a Section 1983 action is subject to a "generous formulation," and a party will be deemed to have prevailed for purposes of an award of fees under Section 1988 "'if they succeed on any significant issue in litigation which achieves some of the benefit the party sought and bringing suit.'"   (Farrar v. Hobby, 506 U.S. 103, 110 (1992), quoting Hensley, 461 U.S. at 433.  Even an award of nominal damages can be a basis for a party to be deemed to have prevailed for purposes of a Section 1988 fee award. (Farrar, 506 U.S. at 112).

Here, by the terms of the Settlement, Plaintiff received $175,000.00 from defendant City and a written letter of apology from defendant Ancona.  It cannot be seriously disputed that such recovery has "materially altered the relationship of the

parties," as neither action - payment of $175,000.00 and a written apology - would have occurred absent the filing of Plaintiff's lawsuit.  Thus, the Court finds that Plaintiff is the prevailing party for purposes of Section 1988, and that Plaintiff therefore is entitled to a reasonable attorney fee.

**B.     Lodestar Analysis**

The Court now determines Plaintiff counsel's reasonable fee by multiplying the reasonable hourly rate by the reasonable number of hours worked.  (Hensley, 461 U.S. at 433).

a.  Hourly Rate

Reasonable fees under Section 1988 are calculated according to the prevailing market rates in the relevant legal community.  Gates, 987 F.2d at 1405.  For this purpose, "the relevant community is the forum in which the district court sits." Prison Legal News v. Schwarzneggar, 608 F.3d 446, 454 (9th Cir. 2010).  Thus, the Central District of California is the relevant forum for purposes of determining the appropriate hourly rate.  The party seeking an award of fees bears the "burden of producing evidence that the requested fees are in line with those prevailing in the community for similar lawyers of reasonably comparable skill, experience and reputation.  Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014).

In his Motion, supported by his accompanying declaration, Plaintiff's Counsel states that he has over 20 years' experience litigating 1983 civil rights cases (Torres-Siegrist Decl. at 2).  However, the only evidence submitted by Plaintiff regarding the prevailing rate for lawyers of reasonably comparable skill, experience and reputation in the Central District is Plaintiff's counsel's  declaration, which does not offer any evidence that the rate sought - $700.00 per hour – is commensurate to that of attorneys in the Central District for lawyers of similar skill, experience and reputation.  The only evidence which supports counsel's requested hourly rate is the previous award of attorney's fees he received at an hourly rate of $650.00 in Los

7

Angeles County Superior Court in the matter of <u>Cristina Sidron, et al. v. County of Los Angeles</u>, LASC Case No. BC647075 (2020).  (<u>See</u> Torres-Siegrist Decl., Exhibit B).  Based on this previous figure, awarded in 2020, Plaintiff's counsel requests an updated rate of $700.00 per hour for purposes of the instant Motion.  However, Plaintiff has submitted no evidence to satisfy his burden of showing that the requested rate is comparable to those of similarly qualified attorneys in this District, and therefore the Court has no basis to find the higher rate is warranted.  It is Plaintiff's burden to adduce evidence that the requested rate is commensurate with that of similarly situated lawyers in terms of skill, experience and reputation, and Plaintiff has failed to submit any such evidence, such as declarations of other counsel or fee surveys, to support the requested hourly rate.  As Plaintiff has failed to justify his requested rate of $700.00 per hour, the Court will find that, based upon the evidence submitted, Plaintiff is entitled to a reasonable hourly rate of $650.00

b.  <u>Hours Reasonably Expended</u>

Generally, for purposes of determining the number of hours reasonably expended, a court must "consider[] whether, in light of the circumstances, the time could reasonably have been billed to a private client."  <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1111 (9th Cir. 2008).  Plaintiff's counsel has submitted his contemporaneous time log ("Time Log") detailing the time he expended in this mater, which totals 300.5 hours expended over more than two years of litigation (November 2, 2022 through February 13, 2025).

As noted in the Motion, the parties had essentially completed their trial preparation at the time of the Settlement Conference on December 26, 2024, as trial was scheduled to have commenced on January 13, 2025 (Motion at 2), and counsel's Time Log reflects that fact.

In their Joint Opposition, defendants raise two primary objections to the number of hours claimed in the Motion:  That Plaintiff's counsel spent an excessive

amount of time on what amounted to limited litigation efforts; and that his award request is excessive when compared to the benefits obtained by Plaintiff.[1] Defendants contend that Plaintiff's counsel should be awarded no more than $50,000.00. (Opp. at 6).

Defendants contend, *inter alia*, that Plaintiff's first three pleadings were defective, requiring them to file motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Nos. 12, 23 and 41), each of which was granted in part. (See Docket Nos. 21, 29 and 46). In evaluating this argument, the Court also notes that the order granting the second motion to dismiss also ordered Plaintiff's counsel to show cause as to why he should not be sanctioned for violating Fed. R. Civ. P. 11(b)(3) and (c)(3) by making an allegation in the FAC which was "squarely contradict[ed]" by an attachment to the pleading. (See Docket No. 29 at 10). The Court subsequently discharged the order to show cause re sanctions (Docket No. 33), but admonished Plaintiff's counsel that "in the future, the filings of pleadings squarely contradicted by documentary evidence in his possession will result in monetary or other sanctions." (Id. at 5-6).

In light of the defendants' successful challenges to the first three iterations of Plaintiff's pleadings, the Court agrees that a reduction in hours is warranted. Accordingly, the Court disallows the time expended by Plaintiff's counsel for opposing the three Motions to Dismiss (45.33 hours), and also eliminates the time allotted for drafting the first two amended complaints (4.5 hours) and reduces the

---

[1]    Defendants also argue, ironically, that Plaintiff's counsel expended insufficient time in litigating this case, noting that he noticed only a single deposition, was only required to defend one deposition, issued no subpoenas, propounded only one set of discovery, designated no experts and filed no motions in limine. (Opp. at 4). This argument, however, seems to support a conclusion that Plaintiff's counsel was endeavoring to manage this litigation in an efficient fashion, and was not engaging in excessive or duplicative billing with respect to these discrete categories of litigation.

time for drafting the Complaint (2 hours), since none of this time would have had to have been expended if the Complaint had been more skillfully drafted.  Thus, the Court imposes a reduction of 51.83 hours from the total hours of 300.5.

The Court does not find defendants' other arguments regarding the hours expended by Plaintiff's counsel to be particularly compelling, as the remaining time in counsel's Time Log appears reasonable under the circumstances (at least for purposes of the initial step of calculating the lodestar).

Thus, the lodestar for Plaintiff's Motion is determined by taking Plaintiff's Counsel's total time expended of 300.50 hours, deducting 51.83 hours of time unreasonably expended, for a total of 248.67 hours.  This time is then multiplied by the reasonable hourly rate of $650.00 for a total lodestar fee of $161,635.50.

c.  Adjustment of the Lodestar

Once a court has determined the lodestar fee, it must consider whether the fee should be increased or decreased pursuant to a number of factors, including those enumerated by the Supreme Court in Hensley.[2]  While defendants' objections do not specifically reference the factors in Hensley, they do raise one of the factors as a basis for arguing for a further reduction of the lodestar fee, namely, the result obtained by Plaintiff in the litigation.  (See Hensley, 461 U.S. at 434).  The Court believes this factor is appropriate for consideration under the circumstances of this case.

---

[2]    The twelve factors referenced by the court in Hensley were as follows: (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 429-30, fn.3, citing to Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir., 1974) and noting that "[t]hese factors derive directly from the American Bar Association Code of Professional Responsibility Disciplinary Rule 2-106."

10

In considering the results obtained by Plaintiff in the litigation, the Court considers Plaintiff's recovery in the litigation in light of the amount otherwise sought.  Here, pursuant to the Settlement Agreement, Plaintiff received monetary payment of $175,000.00 from the City, along with a letter of apology from Mayor Ancona.

As noted, the Settlement Conference and the Settlement Agreement were precipitated by the District Judge's granting of all nine of defendants' Motions in Limine, which, in turn, was caused by Plaintiff's counsel's failure to file objections to the Motions in Limine (see Docket Nos. 113-120).  In spite of Plaintiff's counsel's protestations to the contrary (Reply at 5), the failure of Plaintiff's counsel to oppose the Motions in Limine severely prejudiced Plaintiff's case in multiple ways, including by excluding any evidence as to damages (see Docket No. 120).  As such, the Court must take Plaintiff's counsel's performance into consideration when evaluating the results obtained by Plaintiff, as the Settlement terms – including the amount of compensation received – were impacted by the inability of Plaintiff to introduce evidence of damages at trial.  Framed another way, had defendants' Motions in Liminie not been granted, Plaintiff undoubtably would have insisted on a larger settlement amount, and would – at a minimum – been able to introduce evidence of damages at trial.

Given that the result obtained was adversely impacted by Plaintiff's counsel's failure to oppose the Motions in Liminie, the Court finds that a downward adjustment to the lodestar fee amount is warranted.  ("A reduction in fees could also be appropriate if a settlement were (sic) prompted by adverse court rulings that doomed the plaintiff's chances of achieving anything more than 'partial or limited success.'"  Vargas v. Howell, 949 F.3d 1188,  1196 (9th Cir. 2020) (citing Hensley, 461 U.S. at 436).

/ / /

11

Accordingly, the Court reduces the lodestar amount of $161,635.50 by one third (33.3%) to reflect the negative impact on the result obtained by Plaintiff as a result of the failure of Plaintiff's counsel to object to the defendants' Motions in Limine.  With this adjustment, the Court finds that the sum of One Hundred Seven Thousand Seven Hundred Forty-Six and Twenty-Two Cents ($107,746.22) is the reasonable adjusted fee under <u>Hensley</u> for purposes of an award under Section 1988.

As this sum is greater than the cap for an award of attorney's fees agreed to by the parties under the terms of the Settlement Agreement, the Court finds Plaintiff is entitled to the full amount of One Hundred Thousand Dollars ($100,000.00) in attorney's fees.

## V.

## CONCLUSION AND AWARD

As set forth above, the Court finds that Plaintiff is entitled to reasonable attorney's fees in the amount of One Hundred Thousand Dollars ($100,000.00) and hereby awards that sum to Plaintiff pursuant to 28 U.S.C. § 1988.

Defendant is hereby ORDERED to pay the sum of $100,000.00 to Plaintiff's counsel within thirty (30) days of the date this Order, pursuant to Term No. 2 of the Settlement Agreement.

Dated: _August 12, 2025_____

_____
DAVID T. BRISTOW
United States Magistrate Judge

12